IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:15-CR-237-WKW |
| | ) | [wo] |
| WILLIAM BRIAN JAMES | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law.  The defendant, William Brian James, ("James" or "Defendant"), was charged in an indictment on June 2, 2015, with the possession of a firearm while under a court order of protection in violation of 18 U.S.C. § 922(g)(8).  *See* Doc. 1.  Pending before this Court is the Defendant's *Motion to Dismiss* (Doc. 34, filed August 19, 2015), and the Government's *Response to Defendant's Motion to Dismiss* (Doc. 38, filed September 8, 2015).

The Court held an evidentiary hearing on the motion on September 14, 2015.  *See* Doc. 39.  Based on the evidence presented to the Court, arguments of the parties, and for the reasons set forth herein, the Magistrate Judge recommends that the *Motion to Dismiss* (Doc. 34) be **GRANTED**.

## II.   FACTS

The facts surrounding the protection order are not in dispute.  The salient facts which undergird the protection order found by the Magistrate Judge at the detention hearing are as follows:

On April 14, 2014, the defendant William Brian James ("James") was arrested by Houston County Sheriff Deputies on a misdemeanor, domestic violence charge which was made by his wife ("Mrs. James") the day prior.  During the arrest, Deputies gave written and oral notice to James that he was the subject of an Order for Protection Against Abuse signed by a Houston County, Alabama district judge.  The Order required James, among other things, to have no physical contact with his wife, and to not possess a firearm.  James told the Deputies he had a firearm in his car, and surrendered the firearm to the Deputies.   After his release from custody, James began to live with his parents in Cottonwood, Alabama.

On May 21, 2015, James parked his car almost half of a mile from the marital residence.  James went into the house armed with a pistol and verbally threatened to kill his wife, and subsequently physically attacked her.  The struggle lasted approximately twenty minutes and mainly consisted of Mrs. James attempting to avoid blows from defendant James.  James struck his wife in the head sufficiently hard to stun her.  Mrs. James lay on the floor and pretended to be dead in hopes that James would end his attack. James ended the assault, and then stole some firearms from the residence, as well as Mrs.

James' purse and cell phone.[1]  After he left the home, James began to post messages on Mrs. James' Facebook account stating, in a vulgar fashion, that he had killed her, as well as threatening to kill specific persons whom he thought were paramour(s) of Mrs. James and/or persons who helped Mrs. James carry on the alleged affairs.  A few days later James was arrested as he was driving the car he stole from Mrs. James after the assault. A search of the trunk incident to James' arrest revealed the firearms James stole from Mrs. James after his initial assault of Mrs. James.

The undisputed facts regarding the entry of the protective order as enunciated by the parties with regard to the underlying motion are as follows.  On April 13, 2015, Mrs. James submitted a Petition For Protection From Abuse with the Houston County Circuit Court.  Within an hour of the petition being filed, the Circuit Court entered the *ex parte* protective order without a hearing.  As previously mentioned, on April 14, 2015, Houston County Sheriff's deputies arrested James on the criminal warrants sworn out by Mrs. James, and served the *ex parte* protective order on him.  When the Sheriff's Department investigator returned the service copy, the address listed as 431 Leo Pynes Road, Pansey, AL 36370 had been marked through and 1321 Leo Pynes Road was handwritten in.

On April 15, 2015, a hearing on the protection from abuse case was set for April 23, 2015, and notice was sent to both James and Mrs. James individually.  However, similar to the service documents for the *ex parte* protective order, James' address was

---

[1]  Mrs. James bought one of the firearms the day after she made the domestic violence charge.

incorrect.  Notice was sent to Brian James Williams at 432 Leo Pynes Road, and not to
Defendant William Brian James at 1321 Leo Pynes Road.  It is unclear whether a service
copy was sent to the Sheriff's office for personal service on James.

On April 15, 2015, the same day the Circuit Court sent notice of the hearing,
James was required to report to his off-shore job.  James had not received notice prior to
departing on the ship.  On April 19, 2015, James' sister called him and said that the notice
of the hearing date had ultimately been delivered to his mother's address, and she told
him he has a hearing set for April 23, 2015.  To leave the ship, James had to get
authorization for air-lift via helicopter, and would also need clearance from the United
States Customs and Border Protection Service.  James knew that even if he were granted
authorization to be air-lifted off of the ship, he could not complete the border clearance
process before the hearing.  James immediately contacted attorney Spencer Danzey
("Attorney Danzey") via e-mail.  James requested Attorney Danzey's representation in
the case, and that he file a motion to continue the hearing.

On April 21, 2015, Attorney Danzey entered his appearance on behalf of James,
and immediately filed a motion to continue the hearing, citing James' off-shore work
commitment as the cause for his inability to attend.  The Circuit Court failed to rule on
the motion to continue, so Attorney Danzey appeared in court at the scheduled time.  At
the hearing, Mrs. James told Attorney Danzey and the judge of her plan to file for
divorce.  As a result, the Court entered an order extending the *ex parte* protective order,

and transferred the case to be heard with the yet to be filed divorce petition. As previously mentioned the facts that form the basis of the instant indictment stem from a series of events on May 21, 2015, thus, the hearing was never reset nor held prior to James' arrest or the filing of the June 2, 2015 indictment.

## III.   ISSUES

The issue presented is whether James was subject to an order of protection wherein he had actual notice, and had the opportunity to participate in a hearing prior to the issuance of the order pursuant to 18 U.S.C. § 922(g)(8).

## IV.   DISCUSSION

While the Magistrate Judge finds the alleged actions of James vile and reprehensible, James is entitled to the protection of his legal rights to the same extent as Mrs. James, his alleged victim. The controlling statute states in relevant part, that "[i]t shall be unlawful for any person —"

> (8) who is subject to a court order that—
>
> > (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
> >
> > (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
> >
> > (C)   (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(8).  The instant matter turns on whether the requirement in subsection 922(g)(8)(A) that James had actual notice of a hearing and a hearing was held wherein he had an opportunity to participate prior to the issuance of a judicial order of protection. The Magistrate Judge finds that James did have sufficient notice; however, James did not have a hearing or opportunity to participate in a hearing before the entry of an order of protection against him.

First, James asserts that he did not receive proper notice of the hearing.  Not only was James required to report to his off-shore job on the date notice was sent by the Circuit Court, but the Circuit Court also addressed it to Brian James Williams, not William Brian James, and mailed it to the incorrect address.  Additionally, there is no return of service in the record to prove notice was personally served upon James. However, it is undisputed that on April 19, 2015 James received a call from his sister in which she told him that the notice had been delivered to his mother's house, and that there was a hearing scheduled for April 23, 2015.  Further, James had counsel present at the April 23, 2015 hearing.  These facts combined make it clear to this Court that James

had sufficient notice of the hearing, whether it be actual notice or constructive notice is of no consequence here.

Next, James argues that he did not have a hearing or an opportunity to participate in a hearing prior to the issuance of an order of protection pursuant to 18 U.S.C. § 922(g)(8). The plain language of the statute requires Defendant to have an order of protection against him which was issued after a hearing was held in which he had an opportunity to participate to contest its issuance. The undisputed facts regarding the entry of the protective order as enunciated by the parties are that on April 21, 2015, Attorney Danzey entered his appearance on behalf of James, and immediately filed a motion to continue the hearing, citing James' off-shore work commitment as the cause for his inability to attend. The Circuit Court failed to rule on the motion to continue, thus, Attorney Danzey appeared in court at the scheduled time. At the hearing, Mrs. James told Attorney Danzey and the judge of her intention to file for divorce. As a result, the Court entered an order extending the April 14, 2015 *ex parte* protective order, and transferred the case to be heard with the yet to be filed divorce petition. Mrs. James did not file for divorce until June 2, 2015, after James' May 21, 2015 arrest, and it is undisputed that there was no hearing in the divorce proceedings prior to James' May 21, 2015 arrest.

According to the undisputed facts, the initial *ex parte* protective was issued on the petition of Mrs. James, and without James' knowledge and without the opportunity for James to participate either to contest the issuance of a protective order, or agree to its

issuance.  Thus, it is clear to this Court that April 23, 2015 is the earliest date James could have vindicated his interests via a hearing, and thus, satisfied the requisites of Subsection 922(g)(8)(A).  The Government cites to several cases in which they aver that what qualifies as a "hearing" and the "opportunity to participate" is flexible.  However, all of the cases the Government cited are clearly distinguishable from the facts before this Court.  The cited case law presents cases where the defendant was present, either physically or through video conference, and explicitly waived his opportunity to present evidence or contest the order (his opportunity to participate), or the defendant acquiesced to a temporary order being entered against him.

The Magistrate Judge finds the language of the Circuit Court order compelling. The Circuit Court order, attached as Exhibit J to Defendant's *Motion to Dismiss*, extended the *ex parte* protective order and transferred the matter to the domestic relations court. The April 23, 2015 Order states:

> Ex Parte Order is extended until further Order of the Court. Defendant is filing a Divorce Petition.  Case is to be transferred and heard along with the divorce upon filing.

*See* Doc. 34-10 at 2.  The plain language of Exhibit J extends the original *ex parte* protective order.  The original *ex parte* protective order cannot serve as the basis for a federal prosecution inasmuch as Defendant James did not have a hearing wherein he could vindicate his interests prior to the issuance of the order, nor did James or his counsel agree to the extension of the *ex parte* protective order.  Furthermore, the plain

and explicit language of Exhibit J transferred the *ex parte* protective order and the forthcoming divorce petition to the domestic relations court.

From the facts and circumstances of this case, the Magistrate Judge concludes James was not afforded a hearing nor an opportunity to participate in a hearing on the order of protection.  Circuit Judge Lewis could have issued an Order of Protection from abuse on April 23, 2015, but chose to transfer the matter to another court.  Likely, Judge Lewis chose not to address the matter as defendant James was, because of his remote geographic location, clearly unable to physically harm Mrs. James and the domestic relations court could address the entire matter to serve the ends of judicial economy.  Judge Lewis likely also took into account that a later hearing where both parties and counsel were present would give him or another judicial officer the full benefit of the adversary system.   Particularly when both parties had substantial rights to vindicate.  Speculation aside and simply put, Judge Lewis said in his decree, the matter, which includes the *ex parte* protective order, was to be heard by the domestic relations court.  Had Judge Lewis heard the matter and decided the entry of a final order of protection was appropriate, he would have entered an order of protection.   In effect, Judge Lewis continued the matter without any hearing.  A hearing which complies with minimum due process must involve consideration of evidence and the opportunity to offer evidence and argument to a neutral fact finder, or a party must expressly waive their right to do so.  James was not afforded a hearing as Judge Lewis continued the matter without a hearing.

The divorce petition was not yet filed, so clearly the only thing Judge Lewis had on file to transfer for hearing was the original *ex parte* protective order, which was not effective to attach federal criminal liability pursuant to 18 U.S.C. § 922(g)(8) for the reasons stated supra.

## V.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Defendant's *Motion to Dismiss* (Doc. 34) be **GRANTED**.

It is further ORDERED that the parties file any objections to this Recommendation on or before **October 20, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding

precedent all of the decisions of the former Fifth Circuit handed down prior to the close of

business on September 30, 1981).

DONE this 5th day of October, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE